UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT HIDALGO, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-1167 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

Petitioner Robert Hidalgo, a state inmate proceeding *pro se*, filed a habeas corpus petition seeking relief from a disciplinary conviction. (Docket No. 1.) Respondent has filed a motion for summary judgment asserting that Petitioner is not entitled to relief because the sanctions imposed against him do not implicate federal due process protections. (Docket No. 5.) Petitioner has not responded to the motion for summary judgment. For the reasons to follow, the Court grants summary judgment in Respondent's favor and denies the petition.

I. BACKGROUND

Petitioner is currently confined by the Texas Department of Criminal Justice pursuant to an aggravated robbery conviction in the 262nd District Court of Harris County, Texas (Cause No. 838258), for which he was sentenced to a term of seventy-five years imprisonment. (Docket No. 5-2 at 2.) Petitioner was charged on January 22, 2014, in TDCJ's Ferguson Unit with the prison offense of possession of a cell phone in violation of state law (Cause No. 20140142521). (Docket No. 5-3 at 3.) In a hearing held January 27, 2014, Petitioner pleaded not guilty to the charge. After presentation of evidence, the disciplinary hearing officer ("DHO") found

Petitioner guilty and assessed the following punishment: 1) forty-five days loss of commissary privileges; (2) suspension of visitation privileges; (3) forty-five days cell restriction; (4) fifteen days of solitary confinement; (5) a reduction in line class from S3 to L1; and, (6) 300 days loss of good conduct time credits.  (Id.)  Petitioner filed Step-1 and Step-2 prison grievances challenging his disciplinary conviction, which were denied.  (Docket No. 5-4 at 3-6.)

Petitioner filed the instant petition on April 29, 2014, seeking federal habeas relief on the grounds that the evidence was not sufficient to establish his guilt "beyond a reasonable doubt," and the DHO was "negligent" because he allowed the charging officer to change his testimony. (Docket No. 1 at 7.)

## II SUMMARY JUDGMENT STANDARD

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir.1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

III. ANALYSIS

Respondent asserts that Petitioner is not entitled to federal habeas corpus relief because he did not receive any punishment that would implicate federal due process protections. Specifically, Respondent asserts that the only non-routine disciplinary sanction Petitioner suffered was the loss of 300 days of good-time credit, but because Petitioner is not eligible for release on mandatory supervision this punishment does not give rise to a protected liberty interest.

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In addition to the procedural safeguards articulated in *Wolff*, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In Texas, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Sanctions that are "merely changes in the conditions of [an inmate's] confinement," such as short-term solitary confinement, visitation and commissary restrictions, and changes in

privilege levels, do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Petitioner indicated in his petition that he was eligible for release on mandatory supervision. (Docket No. 1 at 5.) However, Respondent has presented evidence showing that Petitioner is not eligible for release on mandatory supervision pursuant to Texas Government Code § 508.149(a)(12), based on his conviction for aggravated robbery. (Docket No. 5-2 at 2.) Petitioner has not offered anything to refute this evidence. Because the uncontroverted summary judgment evidence shows that Petitioner is ineligible for release on mandatory supervision, his loss of good-time credit does not implicate a constitutionally protected liberty interest on which he may obtain federal habeas corpus relief. Nor do the other punishments assessed in Petitioner's disciplinary case implicate federal due process protections. *See id.* at 768 (loss of commissary privileges and cell restriction). Thus, Respondent is entitled to summary judgment.

## IV. CERTIFICATE OF APPEALABILITY

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) prevents appellate consideration of a habeas petition unless the district or circuit court certifies specific issues for review. *See* 28 U.S.C. § 2253(c); Fed. R. App. Pro. Rule 22(b). Although Petitioner has not yet requested a Certificate of Appealability ("COA"), the Court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A COA will issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the summary judgment evidence and well established law foreclose relief here, the Court will not issue a Certificate of Appealability from this decision.

V. CONCLUSION

Accordingly, it is hereby ORDERED that:

1) Respondent's motion for summary judgment (Docket No. 5) is GRANTED;

2) The Petition for a writ of habeas corpus is DENIED;

3) A Certificate of Appealability from this decision is DENIED; and,

4) All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 30th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE